UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Coulter Ventures, LLC, d/b/a Rogue Fitness**<br><br>    Plaintiff,<br><br>  v.<br><br>**Rogue Ridge, LLC,**<br><br>    Defendant. | Case No. 2:24-cv-01420<br><br>COMPLAINT FOR INJUNCTIVE RELIEF FOR:<br><br>(1) JUDICIAL REVIEW OF TTAB DECISION UNDER 15 U.S.C. § 1071(b)(1)<br>(2) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1)<br>(3) TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)<br>(4) DECEPTIVE TRADE PRACTICES IN VIOLATION OF OHIO REV. CODE § 4165.02<br>(5) CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 6,059,112 |

## COMPLAINT

Plaintiff, Coulter Ventures, LLC, d/b/a Rogue Fitness ("Rogue"), for its complaint against Rogue Ridge, LLC ("Rogue Ridge" or "Defendant"), alleges as follows:

## THE PARTIES

1. Rogue is a company organized and existing under the laws of the State of Ohio with a principal place of business at 545 East Fifth Avenue, Columbus, Ohio 43201.

2. Rogue Ridge, LLC, is a limited liability company organized and existing under the laws of the State of Louisiana, having a principal place of business at 3800 Viking Dr., Bossier

City, Louisiana 71111. Defendant may be served at its Registered Agent, Jimmy Hall, 3800 Viking Dr., Bossier City, Louisiana 71111.

## JURISDICTION AND VENUE

3. This is a complaint for an appeal of the decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB") in *Coulter Ventures, LLC v. Rogue Ridge, LLC*, Consolidated Opposition No. 91252714 (TTAB Jan. 25, 2024), and for injunctive relief based on Defendant's violation of Rogue's rights in connection with Defendant's promotion and sales of its bicycles, electric mountain bicycles, and apparel. This complaint alleges claims for trademark infringement, unfair competition, false designation of origin, and deceptive trade practices arising under 15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"); the Ohio Revised Code § 4165.02; Federal common law; and state common law, including the law of Ohio.

4. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant is purposefully and intentionally availing itself of the privileges of doing business in the State of Ohio, including in this District. For example, and as discussed in more detail below, on information and belief: (i) Defendant has used and is using the infringing marks ROGUE and ROGUE RIDGE to advertise, market, promote, offer for sale, sell, and distribute products to customers and/or potential customers residing in Ohio, including in this District, at least through Defendant's interactive website www.rogueridge.com, and its social media accounts on Facebook, Instagram and YouTube, https://www.facebook.com/rogue.ridge/, https://www.instagram.com/rogue.ridge, and https://www.youtube.com/channel/UC1X4mGxJpxqYNmOS9fa-PEw, through which local

users, including users from Ohio and this District, transact business, form contracts, and/or exchange information with Defendant; (ii) Defendant's tortious acts giving rise to this lawsuit and the resulting harm to Rogue have occurred and are occurring in Ohio, including in this District; and (iii) Defendant acted with knowledge that its unauthorized use of Rogue's trademarks would cause harm to Rogue in Ohio and in this District.

6. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(a)-(d), at least because this Court has personal jurisdiction over Defendant, Defendant's infringing activity occurs in Ohio, including in this District, confusion resulting from Defendant's infringing activity is likely to occur in at least Ohio, including in this District, and Rogue is suffering injury in this District.

### General Allegations – Rogue's Intellectual Property

7. For well over a decade, Rogue invested substantial time, skill, and money in creating, cultivating, and maintaining a reputation for the highest quality strength and fitness products and services. To protect these investments and the invaluable goodwill generated through these investments, Rogue has acquired various intellectual property rights, including federal and state trademark registrations and common law trademark rights to Rogue's trademarks, including its ROGUE trademarks.

8. Rogue is the owner of at least the following U.S. Trademark Registrations that include the mark ROGUE:

    i. U.S. Trademark Registration No. 4,056,202 ("the '202 Registration") for "ROGUE", for (Int'l Class: 28) weight lifting equipment, namely, weight lifting bars, weight lifting plates, weight lifting bumpers, weight lifting collars, storage racks for weight lifting bars, storage racks for weight lifting plates, weight lifting sleds, gymnastic rings, straps for gymnastic rings, pullup bars, weight lifting racks,

      weight lifting benches, plyometric boxes, medicine balls, kettlebells, jump ropes; and in Int'l Class 28 and on-line retail store services featuring weight lifting equipment and accessories in Int'l Class 35;

ii. U.S. Trademark Registration No. 5,524,929 ("the '929 Registration") for "ROGUE", for barbells; weight lifting equipment, namely, dumb-bells, weight lifting belts, weight lifting bars, weight lifting plates, weight lifting bumpers, weight lifting collars, storage racks for weight lifting bars, storage racks for weight lifting plates, weight lifting sleds, gymnastic rings, straps for gymnastic rings, pullup bars, weight lifting racks, weight lifting benches, plyometric boxes, medicine balls, kettlebells, jump ropes, sit-up devices, weight lifting chalk bowls and stands, weighted vests and vest plates, weight lifting wrist wraps, climbing ropes, conditioning ropes, exercise ropes, wall balls and wall ball targets, sandbags, parallettes, peg boards, weight lifting gloves, workout gloves, gymnastic grips; jump rope and weightlifting belt hangers and racks; stationary bicycles; abdominal mats in Int'l Class 28;

iii. U.S. Trademark Registration No. 4,055,351 ("the '351 Registration") for "ROGUE FITNESS", for weight lifting equipment, namely, weight lifting bars, weight lifting plates, weight lifting bumpers, weight lifting collars, storage racks for weight lifting bars, storage racks for weight lifting plates, weight lifting sleds, gymnastic rings, straps for gymnastic rings, pullup bars, weight lifting racks, weight lifting benches, plyometric boxes, medicine balls, kettlebells, jump ropes in Int'l Class: 28; on-line retail store services featuring weight lifting equipment and accessories in Int'l Class

4

35; weight lifting training services in Int'l Class 41; and custom design of weight lifting equipment, facilities, and packages for others in Int'l Class 42;

9. Copies of these trademark registrations are attached as Exhibit A.

10. Registration Nos. 4,056,202 and 4,055,351 are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of the validity of the '202 Registration and the '351 Registration pursuant to 15 U.S.C. § 1115(b).

11. Rogue is also the owner of at least the following U.S. Trademark Registrations that include the mark ROGUE related to apparel:

   i. U.S. Trademark Registration No. 6,600,303 ("the '303 Registration") for "ROGUE," for Apparel, namely, T-shirts, sweatshirts, and caps in Int'l Class 25;

   ii. U.S. Trademark Registration No. 6,495,854 ("the '854 Registration") for "ROGUE," for Athletic apparel, namely, shirts, pants, jackets, sweatshirts, hooded sweatshirts, sweatpants, shorts; sports caps and hats; leggings; yoga pants; sweatshirts; hooded sweatshirts; sweatpants; shorts; beanies; fleece tops; fleece bottoms; fleece pullovers; tank tops; swimwear, all of the foregoing excluding goods sold in brewpubs and brewing websites as complements to and in promotion of brewing and beverage businesses in Int'l Class 25;

   iii. U.S. Trademark Registration No. 3,365,653 ("the '653 Registration") for "ROGUE," for clothing, namely, t-shirts, sweatshirts, [ polo shirts, turtlenecks, aprons, ] hats, and not including jackets, coats and skirts, sold primarily in the trademark owner's brewpubs and web site, as compliments to and in promotion of the trademark owner's brewing and beverage businesses in Int'l Class 25;

12. Copies of these trademark registrations are attached as Exhibit B.

5

13. The USPTO registered Rogue's ROGUE marks cited above without proof of acquired distinctiveness meaning that those marks for the goods and services in the registrations are inherently distinctive and do not describe a quality or characteristic of the goods or services.

14. Since at least as early as September 2, 2009, and continuing to date, Rogue has used the mark ROGUE, alone and in combination with other words, in connection with the nationwide advertising and sale of third-party stationary bicycles. Rogue owns common law trademarks for ROGUE for online retail store services for stationary bicycles dating back at least as early as September 2, 2009, which long predates Defendant's use of ROGUE RIDGE. Since at least as early as December 21, 2017, and continuing to date, Rogue has used the mark ROGUE, alone and in combination with other words, in connection with the nationwide advertising and sale of its own ROGUE-branded stationary bicycles. Rogue owns common law trademarks for ROGUE for stationary bicycles dating back at least as early as December 21, 2017. Rogue's common law and/or federally registered rights for the mark ROGUE, alone and in combination with other words, for online retail store services for stationary bicycles and for stationary bicycles are collectively referred to as the "ROGUE Bicycle Marks."

15. The Rogue Bicycle Marks are inherently distinctive because they do not describe a quality or characteristic of the goods and services with which they are used.

16. Rogue has developed strong common law rights in the mark ROGUE, alone and in combination with other words, for weight lifting equipment and accessories, apparel, and online retail services for the sale of such products, that predate Defendant's use of ROGUE RIDGE. Rogue's registered rights in the '202, '929, and '351 Registrations and common law rights in the mark ROGUE with respect to, *inter alia*, weight lifting equipment and accessories, and online retail services for the sale of such products, are collectively referred to as the "ROGUE Equipment

6

Marks." Rogue's registered rights in the '303, '854, and '653 Registrations and common law rights in the mark ROGUE with respect to, *inter alia*, apparel and online retail services for the sale of apparel, are collectively referred to as the "ROGUE Apparel Marks."

17. As a result of Rogue's long use and registration of its distinctive marks, Rogue has developed substantial goodwill in the ROGUE Bicycle Marks, ROGUE Equipment Marks, and ROGUE Apparel Marks, and the public has come to associate Rogue's ROGUE Bicycle Marks, ROGUE Equipment Marks, and ROGUE Apparel Marks with the goods and services of Rogue.

### General Allegations – Rogue's TTAB Proceeding Against Defendant

18. Defendant filed Application No. 87/562,770 for R ROGUE RIDGE and Design on August 9, 2017, stating its intention to use the mark in connection with "Mountain bicycles; electric mountain bicycles" in International Class 12 ("the '770 Application"). The '770 Application published in the Official Gazette on August 6, 2019. Rogue filed a Notice of Opposition against the '770 Application on December 4, 2019. A true and correct copy of this Notice of Opposition is attached as Exhibit C. This Opposition was given No. 91252714 ("Opposition").

19. Defendant obtained U.S. Trademark Registration No. 6,059,112 for the mark ROGUE RIDGE on May 19, 2020 ("the '112 Registration"). The goods in the registration are "Mountain bicycles; electric mountain bicycles" in International Class 12. Rogue filed a Petition for Cancellation of the '112 Registration on June 18, 2020. A true and correct copy of this Petition for Cancellation is attached as Exhibit D. This Cancellation was given No. 92074531 ("Cancellation").

20. On June 22, 2020, Rogue filed a Motion to Consolidate the Opposition and the Cancellation. 8 TTABVUE 91252714. The TTAB granted the Motion and consolidated the proceedings on September 17, 2020. 11 TTABVUE 91252714.

21. On January 25, 2024, the TTAB issued a Decision on the consolidated proceedings. 124 TTABVUE 91252714 (the "Decision"). The Decision sustained the Opposition and denied the Cancellation. A true and correct copy of the Decision is attached as Exhibit E.

22. In sustaining the Opposition, the TTAB correctly found, *inter alia*, that Rogue established priority in the ROGUE trademarks for stationary bicycles over Defendant's '770 Application for mountain bicycles and electric mountain bicycles (Ex. E at 14); that the marks ROGUE and ROGUE RIDGE "engender similar commercial impressions" (Ex. E at 40-41); that there was sufficient similarity between stationary bicycles and mountain bicycles "such that purchasers would confuse the source of such products if they were identified by similar marks" (Ex. E at 28); and weighed the elements of similarity of channels of trade and classes of consumers for stationary bicycles and mountain bicycles in favor of a likelihood of confusion. (Ex. E at 31).

23. In denying the Cancellation, however, the TTAB incorrectly found that Rogue did not establish priority of use of the ROGUE trademarks in connection with sales and online retail store services for the sale of stationary bicycles over Defendant's '929 Registration for mountain bicycles and electric mountain bicycles. (Ex. E at 16-17). While the TTAB acknowledged that Rogue "made of record evidence of its retail sales of third-party stationary bicycles under the ROGUE trademark starting in 2009[,]" which was well before the filing date of Defendant's '929 Registration and any use of the mark ROGUE RIDGE, the TTAB stated in conclusory fashion that Rogue failed to plead priority based on retail services of the sale of stationary bicycles and that such issue was not tried by implied consent of the parties. (Ex. E at 16). The TTAB ignored that

Rogue expressly pled in its Petition for Cancellation that it had "common law rights in the mark ROGUE, alone and in combination with other words, for use in connection with the sale of, *inter alia*, stationary bicycles, apparel, weight lifting equipment, and accessories and personal training services that predate [Defendant's] filing date" (Ex. D, at ₱4) and the TTAB further ignored that Defendant never challenged Rogue's evidence or position that Rogue's common law mark ROGUE for online retail store services for stationary bicycles established priority over Defendant's '929 Registration.

24. The TTAB's findings that Rogue did not adequately plead priority or establish priority relating to its ROGUE trademarks for online retail store services for stationary bicycles in the Petition for Cancellation, and that such issue was at least not tried by consent, are clearly erroneous and unsupported by the record evidence. Because the TTAB wrongly held that Rogue failed to plead or prove priority, it did not reach the likelihood of confusion issue. If it had, the record evidence compelled a finding that there is a likelihood of confusion between Rogue's common law mark ROGUE for online retail store services for stationary bicycles and Defendant's mark ROGUE RIDGE for mountain bicycles and electric mountain bicycles. The evidence before the TTAB was overwhelming that such goods and services are related and sold to the same customers in the same channels of trade.

25. In addition, in denying the Cancellation, the TTAB found, *inter alia*, that Rogue had not demonstrated that its exercise and weight training goods, on the one hand, and Defendant's mountain bicycles and electric mountain bicycles, on the other, were similar goods sold through similar channels of trade to similar classes of consumers. These findings are contradicted by the overwhelming weight of the record evidence. The TTAB's Decision should be reversed for at least these additional reasons.

26. Rogue therefore appeals the TTAB's Decision in denying Cancellation No. 92074531 pursuant to 15 U.S.C. § 1071(b) and asks this Court to cancel Defendant's U.S. Trademark Registration No. 6,059,112.

### General Allegations – Defendant's Unlawful Activities

27. Defendant has purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute products using confusingly similar imitations of Rogue's ROGUE Bicycle Marks, ROGUE Equipment Marks, and ROGUE Apparel Marks, including the mark ROGUE RIDGE.

28. Defendant is also using its ROGUE RIDGE marks in similar font and style to Rogue's marks. For example, below are side-by-side images of Rogue's use of a stenciled design for ROGUE and Defendant's use of a stenciled design for ROGUE RIDGE.



Illustration 1: Side-by-Side Images of Rogue's use of ROGUE and Defendant's use of ROGUE RIDGE

29. Defendant also often minimizes the use of "ridge" in its mark, including often disregarding "ridge" altogether and using ROGUE alone. For example, below are images from Defendant's website and social media of Defendant's bicycles showing that Defendant often

10

displays ROGUE as the most prominent aspect of its marks, including often failing to use "ridge" altogether:

**Illustration 2: Examples of Defendant Using ROGUE as the Prominent Aspect of Marks**



30. In addition to the bicycles shown above, Defendant has also used the ROGUE RIDGE trademark in connection with sales of apparel in violation of Rogue's rights in the ROGUE Apparel Marks. For example, below are images from Defendant's website showing Defendant using the ROGUE RIDGE trademark on t-shirts and caps:

| Illustration 3: Examples of Defendant Using ROGUE RIDGE in Connection with Apparel |





31.     Defendant's use of the ROGUE mark, alone and in combination with other term(s) such as ROGUE RIDGE and rogueridge.com, and in the stylizations shown above, in connection with the advertising, promotion, distribution, and sale of bicycles is likely to cause confusion with Rogue, its ROGUE Bicycle Marks, and its ROGUE Equipment Marks. Defendant's use of at least ROGUE RIDGE and rogueridge.com, including in the stylizations shown above, in connection with the advertising, promotion, distribution, and sale of apparel is likely to cause confusion with Rogue and its ROGUE Apparel Marks.

**COUNT I:**
**Request for Judicial Review of the TTAB Decision Under Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1), and Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d)**

32.     Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33.     The TTAB issued a Decision in *Coulter Ventures, LLC v. Rogue Ridge, LLC*, Consolidated Opposition No. 91252714 (TTAB Jan. 25, 2024), denying Cancellation No. 92074531.

34.     Rogue respectfully requests a *de novo* judicial review of the Decision regarding Cancellation No. 92074531.

35.     The Decision is erroneous at least because, *inter alia*, it incorrectly found that: (i) Rogue did not establish priority of use of the ROGUE trademarks in connection with stationary

bicycles over Defendant's '929 Registration for mountain bicycles and electric mountain bicycles and (ii) Rogue had not demonstrated that its exercise and weight training goods, on the one hand, and Defendant's mountain bicycles and electric mountain bicycles, on the other, were similar goods sold through similar channels of trade to similar classes of consumers.

36. Because of these errors, the Decision should be reversed and vacated, Rogue's Cancellation No. 92074531 should be granted, and Defendant's U.S. Trademark Registration No. 6,059,112 should be cancelled.

## COUNT II:
## Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

37. Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38. Rogue owns federally registered ROGUE trademarks, including the '202, '929, and '351 Registrations, for weightlifting equipment, stationary bicycles, and other goods. Defendant's use of the ROGUE mark, alone and in combination with other term(s) such as ROGUE RIDGE and rogueridge.com, in connection with the advertising, promotion, distribution, and sale of bicycles is likely to cause confusion with Rogue, its ROGUE Bicycles Marks, and its ROGUE Equipment Marks.

39. Rogue owns federally registered ROGUE trademarks, including the '303, '854, and '653 Registrations, for apparel. Defendant's use of at least ROGUE RIDGE and rogueridge.com in connection with the advertising, promotion, distribution, and sale of apparel is likely to cause confusion with Rogue and its ROGUE Apparel Marks.

40. Defendant's conduct constitutes trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41. Upon information and belief, through its actions, Defendant willfully and deliberately intends to cause confusion, mistake, or to deceive. Defendant's conduct has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Rogue for which Rogue has no adequate remedy at law.

42. Rogue is entitled to injunctive relief under at least 15 U.S.C. §§ 1114(1) and 1116.

## COUNT III:
## Trademark Infringement, False Designation of Origin, and Unfair Competition in Violation of 15 U.S.C. § 1125(a)

43. Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 42 as though fully set forth herein.

44. Rogue owns common law and federally registered rights in its ROGUE Bicycle Marks and ROGUE Equipment Marks, including common law rights in the mark ROGUE with respect to, *inter alia*, stationary bicycles, weight lifting equipment and accessories, and online retail services for the sale of such products. Defendant's use of the ROGUE marks, alone and in combination with other term(s) such as ROGUE RIDGE and rogueridge.com, in connection with the advertising, promotion, distribution, and sale of bicycles is likely to cause confusion with Rogue, its ROGUE Bicycle Marks, and ROGUE Equipment Marks.

45. Rogue owns common law and federally registered rights in its ROGUE Apparel Marks, including common law rights in the mark ROGUE with respect to, *inter alia*, apparel and online retail services for the sale of apparel. Defendant's use of at least ROGUE RIDGE in connection with the advertising, promotion, distribution, and sale of apparel is likely to cause confusion with Rogue and its ROGUE Apparel Marks.

46. Defendant's conduct constitutes trademark infringement, false designation of origin, and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Upon information and belief, through its actions, Defendant willfully and deliberately intends to cause confusion, mistake, or to deceive. Defendant's conduct has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Rogue for which Rogue has no adequate remedy at law.

48. Rogue is entitled to injunctive relief under at least 15 U.S.C. §§ 1125(a) and 1116.

## COUNT IV:
## Deceptive Trade Practices in Violation of Ohio Rev. Code § 4165.02

49. Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 48 as though fully set forth therein.

50. Defendant's acts and use of the ROGUE marks, including the ROGUE Bicycle Marks, ROGUE Equipment Marks, and ROGUE Apparel Marks, alone and in combination with other term(s) such as ROGUE RIDGE and rogueridge.com, in connection with the advertising, promotion, distribution, and sale of bicycles and apparel is causing a likelihood of confusion that Rogue is the source of the goods or approved the goods in violation of the Ohio Deceptive Trade Practices Act, codified at Ohio Revised Code § 4165.02.

51. Defendant's unlawful conduct has caused Rogue to lose control over the reputation of goods associated with its ROGUE trademarks, including the ROGUE Bicycle Marks, ROGUE Equipment Marks, and ROGUE Apparel Marks.

52. As a result of Defendant's unlawful and unauthorized deceptive trade practices, Defendant has caused and will continue to cause substantial and irreparable harm to Rogue and to the public for which there is no adequate remedy at law. Defendant has unjustifiably benefited from its unlawful acts and will continue to do so unless enjoined by this Court.

53. Rogue is entitled to injunctive relief under at least Ohio Revised Code § 4165.03.

## COUNT V:
## Cancellation of U.S. Trademark Registration No. 6,059,112

54. Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55. Rogue seeks cancellation of Defendant's U.S. Trademark Registration No. 6,059,112 ("the '112 Registration") for the mark ROGUE RIDGE pursuant to the Lanham Act, 15 U.S.C. §§ 1052, 1114, 1119, and 1125(a).

56. Defendant obtained the '112 Registration for the mark ROGUE RIDGE on May 19, 2020, for the following goods: "Mountain bicycles; electric mountain bicycles."

57. Rogue owns the '202, '929, and '351 Registrations. Rogue also owns common law trademark rights in the ROGUE Bicycle Marks and ROGUE Equipment Marks as a result of Rogue's continuous and exclusive use of the ROGUE Bicycle Marks and ROGUE Equipment Marks.

58. The '202 and '351 Registrations have become incontestable and constitute conclusive evidence of their validity and of Rogue's exclusive rights to use these marks in commerce.

59. Through Rogue's extensive and continuous use, advertising, promotion, and sales of products and services bearing the ROGUE Bicycle Marks and ROGUE Equipment Marks in the United States, the ROGUE Bicycle Marks and ROGUE Equipment Marks have become well-known indicators of the origin and quality of Rogue's products and services before Defendant's unauthorized use ROGUE RIDGE. Rogue's use of the ROGUE Bicycle Marks and ROGUE Equipment Marks, including for online retail services for the sale of stationary bikes, is prior to Defendant's claimed date of first use or first use in commerce of the mark ROGUE RIDGE in the '112 Registration.

60. The '112 Registration is likely, when applied to the goods identified in the '112 Registration, to cause confusion, or to cause mistake, or to deceive, causing substantial and irreparable injury to Rogue.

61. Therefore, pursuant to 15 U.S.C. § 1119, Rogue is entitled to an order cancelling the '112 Registration based on a likelihood of confusion with Rogue's trademarks, including its prior registered trademarks, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. §§ 1052(d), 1114(1), and 1125(a), and (ii) falsely suggesting a connection with Rogue, in violation of Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a).

## **Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

A. An Order reversing and vacating the TTAB Decision in *Coulter Ventures, LLC v. Rogue Ridge, LLC*, Consolidated Opposition No. 91252714 (TTAB Jan. 25, 2024) denying Cancellation No. 92074531, sustaining the Cancellation against Defendant, and cancelling Defendant's U.S. Trademark U.S. Trademark Registration No. 6,059,112 for ROGUE RIDGE;

B. That the Court render a permanent injunction and final judgment in favor of Rogue and against Defendant on all claims for relief alleged herein;

C. An injunction against further infringement of Rogue's ROGUE Bicycles Marks, ROGUE Equipment Marks, and ROGUE Apparel Marks, and further acts of unfair competition, false designation of origin, and deceptive trade practices by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least an injunction barring further use or registration of the ROGUE mark, alone or in combination with any other word(s), design(s), and/or designation(s), including ROGUE RIDGE, and any other mark that is confusingly similar to Rogue's ROGUE Bicycles

Marks, ROGUE Equipment Marks, and ROGUE Apparel Marks, in connection with selling, offering to sell, distributing, manufacturing, importing, or advertising of Defendants' bicycle and apparel products, pursuant to at least 15 U.S.C. § 1116, and Ohio Revised Code § 4165.03;

D. That Defendant be directed to file with this Court and serve on Rogue within thirty (30) days after the entry of an injunction, a report, in writing and under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

E. An Order directing the Defendant to transfer the domain **rogueridge.com** to Rogue;

G. An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

H. An order directing cancellation of U.S. Trademark Registration No. 6,059,112;

I. Such other and further relief as this Court deems just and proper.

Dated: March 27, 2024         Respectfully submitted,

By: */s/ Drew H. Campbell*
  Drew H. Campbell, *Trial Attorney* (0047197)
  Bricker Graydon, LLP
  100 S. Third Street
  Columbus, Ohio 43215
  Tele.: (614) 227-2300 / Facsimile: (614) 227-2390
  Email: dcampbell@brickergraydon.com

  Louis DiSanto (*pro hac vice forthcoming*)
  Illinois Bar No. 6286044
  ldisanto@bannerwitcoff.com
  John A. Webb, Jr. *(pro hac vice forthcoming)*
  Illinois Bar No. 6321695
  jwebb@bannerwitcoff.com
  Banner & Witcoff, Ltd.
  71 South Wacker Drive, Suite 3600
  Chicago, IL 60606-7407
  Tele.: (312) 463-5000 / Facsimile: (312) 463-5001
  **ATTORNEYS FOR COULTER VENTURES, LLC**