# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Coulter Ventures, LLC d/b/a Rogue Fitness**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Rogue Ridge, LLC,**<br><br>**Defendant.** | **Case No.: 2:24-cv-01420-ALM-EPD**<br><br>**Judge Algenon L. Marbley**<br><br>**Magistrate Judge Elizabeth Preston Deavers** |

**PLAINTIFF COULTER VENTURES, LLC's INTERROGATORIES TO DEFENDANT FOR LIMITED PURPOSE OF JURISDICTIONAL DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Local Civil Rules of the Southern District of Ohio, including S.D. Ohio L.R. 26-1, and the Definitions and Instructions that follow, Plaintiff Coulter Ventures, LLC d/b/a Rogue Fitness ("Rogue"), by and through its counsel of record, directs the following interrogatories to Defendant Rogue Ridge, LLC ("Rogue Ridge") to be answered separately, fully, and under oath within thirty (30) days of service hereof or as determined to be appropriate by this Court.

**DEFINITIONS**

The following definitions apply to these discovery requests:

1. "You", "Your", and "Rogue Ridge," refers to Rogue Ridge, LLC, and each of its predecessors or successors in interest, its divisions or other related business entities, as well as its directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, jobbers, salespersons, and sales representatives and any other person or entity acting or purporting to act on its behalf.

2. "Action" means United States District Court for the Southern District of Ohio Case No. 2:24-cv-01420-RLY-KMB.

3. "Document(s)" means anything defined as "writings" or "recordings" or "photographs" by Rule 1001 of the Federal Rules of Evidence or a "document" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, the originals, and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, e-mails, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, meetings, printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, readings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, and e-mail). When a request refers to "Document(s)," as defined herein, it refers to all documents within Your possession, custody, or control that are responsive to the request.

4. "Thing(s)" shall have the same meaning and scope as "tangible things" in Federal Rule of Civil Procedure 34.

## INSTRUCTIONS

The following instructions apply to these discovery requests:

1. Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request

2. No request, or part thereof, shall be construed as a limitation on any other request, or part thereof.

3. "And," "or," as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of a discovery request all responses, information, documents, and/or things which otherwise might be construed to be outside its scope.

4. If Rogue Ridge answers an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), identify specifically where in the document(s) the answer to the interrogatory may be derived or ascertained.

5. Where an objection is made to a discovery request, state all grounds for the objection with specificity and state whether any responsive information is being withheld on the basis of the objection. An objection to part of a request must specify the part objected to and respond to the rest.

6. If the attorney-client privilege or work product doctrine is asserted as an objection to an interrogatory, or if any interrogatory is not responded to in full, respond to the interrogatory to the extent the interrogatory is not objected to, and provide the following: (a) the specific ground(s) for not responding to the interrogatory in full; (b) the bases for a claim of privilege or work product doctrine; and (c) all other information required to be disclosed by Federal Rule of Civil Procedure 26(b)(5).

7. These discovery requests are to be regarded as continuing, and Rogue Ridge is requested to provide, by way of supplementary responses, any additional information, most notably that specified under Rule 26(e) that may hereinafter be obtained by Rogue Ridge, or any person acting on Rogue Ridge's behalf, which will augment or otherwise modify Rogue Ridge's responses.

## INTERROGATORIES

**INTERROGATORY NO. 1.**

Please state the total number of sales that Rogue Ridge has made of electric bicycles in connection with the ROGUE RIDGE trademark from the date that the mark was first used anywhere to the present.

**INTERROGATORY NO. 2.**

Please state the total number of sales that Rogue Ridge has made of apparel products in connection with the ROGUE RIDGE trademark from the date that the mark was first used anywhere to the present, including with particularly the total number of sales made to Ohio.

**INTERROGATORY NO. 3.**

Please state the total number of electric bicycles distributed "in a non-sale capacity" to sales representatives in connection with the ROGUE RIDGE trademark from the date that the mark was first used anywhere to the present, including with particularly the total number of electric bicycles distributed to Ohio.

**INTERROGATORY NO. 4.**

Please state the total number of customers that have purchased Rogue Ridge products, including electric bicycles and apparel, in connection with the ROGUE RIDGE trademark from

the date that the mark was first used anywhere to the present, including with particularity the total number of customers in Ohio.

**INTERROGATORY NO. 5.**

Please identify and describe with particularity all communications that Rogue Ridge has had with customers or potential customers in Ohio.

**INTERROGATORY NO. 6.**

Please describe with particularity all advertisements (*e.g.*, promotional materials, marketing materials, commercials, brochures, labels, etc.) for goods and services in connection with the ROGUE RIDGE trademark that have been used in Ohio from the date of first use of the ROGUE RIDGE trademark to the present.

**INTERROGATORY NO. 7.**

Please describe with particularity Rogue Ridge's decision to list Ohio on Rogue Ridge's "Where Are E-Bikes Legal?" webpage (https://www.rogueridge.com/where-are-hunting-e-bikes-legal-state-regulations/#ohio), including whether Rogue Ridge targeted and/or contemplated sales of electronic bicycles to customers in Ohio.

**INTERROGATORY NO. 8.**

Please describe with particularity the relationship between Rogue Ridge and any sales representatives in Ohio, including Rogue Ridge's decision to distribute electric bicycles to sales representatives in Ohio, any communications between Rogue Ridge and sales representatives in Ohio, the sales representatives' distribution and/or use of Rogue Ridge's electric bicycles, and Rogue Ridge's decision to cease using sales representatives in Ohio.

**INTERROGATORY NO. 9.**

Please describe with particularity the relationship between Rogue Ridge and Drury Outdoors (including Rich Malik, Ambassador for Drury Outdoors), including concerning Rogue Ridge's apparent sponsorship of Drury Outdoors and Drury Outdoors' contacts with Ohio, including without limitation, all Drury Outdoors programming and social media content that references Rogue Ridge and/or Ohio.

**INTERROGATORY NO. 10.**

Please describe with particularity the corporate relationship between Rogue Ridge and Rock Ridge Outdoors ("Rock Ridge"), including facts concerning the ownership of both entities, the corporate address of both entities, the employees of both entities, and Rock Ridge's contacts with Ohio, including sales transactions in Ohio, distribution of products in Ohio, advertising in Ohio, employment in Ohio, and ownership, rental, operation, or use of any real property in Ohio.

Dated: May **, 2024

Respectfully submitted,

By: /s/

Drew H. Campbell, *Trial Attorney* (0047197)
Bricker Graydon, LLP
100 S. Third Street
Columbus, Ohio 43215
Tele: (614) 227-2300 / Facsimile: (614) 227-2390
Email: dcampbell@brickergraydon.com

Louis DiSanto (admitted *pro hac vice*)
ldisanto@bannerwitcoff.com
John A. Webb, Jr. (admitted *pro hac vice*)
Banner & Witcoff, Ltd.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606-7407
Tele.: (312) 463-5000 / Facsimile: (312) 463-5001

**ATTORNEYS FOR COULTER VENTURES, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on May **, 2024, a copy of the foregoing Plaintiff Coulter Ventures, LLC's Interrogatories to Defendant for Limited Purpose of Jurisdictional Discovery was served by electronic mail, on counsel for Rogue Ridge, LLC, at the following email addresses:

Jeffrey S. Standley (0047248)
F. Michael Speed, Jr. (0067541)
Standley Law Group LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone: (614)792-5555
Facsimile: (614)792-5536
Email: jstandley@standleyllp.com
mspeed@standleyllp.com
litigation@standleyllp.com

/s/